IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELBERT R. COMPTON,

                      Plaintiff,

v.

WILLIAM POLLARD, BRIAN GREFF and
CAPT. OLSEN,

                      Defendants.

ORDER

12-cv-915-wmc

---

      Plaintiff Elbert Compton, a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin, has submitted a proposed complaint. Plaintiff has neither paid the $350 filing fee for filing a civil action nor submitted a request for leave to proceed *in forma pauperis*. Therefore, I construe plaintiff's complaint to include a request for leave to proceed *in forma pauperis*. Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaint *in forma pauperis*, plaintiff will have to make an initial partial payment of the filing fee. The initial partial payment is calculated by using the method established in 28 U.S.C. § 1915, that is, by figuring 20% of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account statement for the six-month period immediately preceding the filing of the complaint.

      From the trust fund account statement that plaintiff submitted in another recently filed case, the greater of these two amounts from the relevant period is the average monthly balance, which is $214.37. Accordingly, 20% of the average monthly balance, or $42.88, is the amount plaintiff will be assessed as an initial partial payment of the filing fee. Plaintiff is advised that he must pay the remainder of the fee in monthly installments even if his request for leave to proceed is denied. If plaintiff does not have the money in his regular account to make the initial

partial payment, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $42.88 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware that they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that plaintiff Elbert Compton is assessed $42.88 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $42.88 on or before January 4, 2013. If, by January 4, 2013, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 14th day of December, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2